RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA WILLIAMS, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MELTON TRUCK LINES, INC.<br><br>　　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Monica Williams ("Plaintiff") by her undersigned counsel, for this class action complaint against Melton Truck Lines, Inc. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Melton" or "Defendant"), allege as follows:

### I.　　INTRODUCTION

　　　　1.　　<u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Melton for violations of

COMPLAINT - 1

the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Melton engaged in automated calling in violation of the TCPA using pre-recorded messages that were sent to cellular telephones.

2. Because automated calling campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal automated calls from or on behalf of Defendant.

## II. PARTIES

3. Plaintiff Monica Williams is an individual residing in California, in this District.

4. Defendant Melton Truck Lines, Inc. is an Oklahoma corporation. It has a registered agent of Michael Dargel with an address of 808 N 161st E. Ave., Tulsa, OK 74116.

5. Melton engages in business resulting in automated calling into this District, as it did with the Plaintiff.

## III. JURISDICTION AND VENUE

6. <u>Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

COMPLAINT - 2

7. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Melton because a substantial part of the wrongful acts alleged in this Complaint were committed in California.

8. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain automated calling practices.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

13. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

## V. FACTUAL ALLEGATIONS

14. Melton offers trucking and shipping services.

15. To recruit drivers, Melton uses automated calling.

16. Melton's automated calling includes the use of pre-recorded messages.

17. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

18. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff Williams's telephone number, (626)-343-XXXX, is registered to a cellular telephone service.

20. The Plaintiff has owned that number for more than a year.

21. On September 9, 2020, the Plaintiff received a pre-recorded call from the Defendant.

22. The recorded message offered information regarding a job working for Melton.

23. The recorded message also provided a telephone number to call back about the job, (866) 909-4113.

24. The website, Youmail.com, which logs and tracks robocall activity has users reporting the number being used for scams. Indeed, the website reports a series of pre-recorded messages advertising Melton trucking positions. *See* https://directory.youmail.com/directory/phone/8669094113 (Last Visited Jan. 26, 2021).

25. The website "Should I answer" has multiple reports of "unsolicited call" and "telemarketer". *See* https://www.shouldianswer.com/phone-number/8669094113 (Last Visited Jan. 26, 2021).

26. The Plaintiff did not provide her prior express consent to Melton to receive the calls.

27. The Plaintiff had not inquired about any job offered by Melton.

28. Indeed, the Plaintiff contacted Melton after receiving the call and confirmed that Melton did not claim to have her consent to make the call.

29. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Melton because their privacy has been violated, their telephone lines and telephones have been occupied, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.

### VI.  CLASS ACTION ALLEGATIONS

30. <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of Class (the "Class") defined as follows:

> All persons to whom: (a) Melton and/or a third party acting on Melton's behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) using an artificial or prerecorded voice; (d) after Melton had acquired their telephone number in the same or similar way as it acquired Plaintiff's telephone number; and (e) at any time in the last four years through the date of trial.

31. <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable. On information and belief and on the basis of Melton's *en masse* calling practices, the Class has at least hundreds of members.

32. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Melton used a prerecorded voice:

    b. Whether Melton called individuals who had not consented to be called by it;

    c. Whether Melton and/or its affiliates or agents, and/or other persons or entities acting on Melton's behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

    d. Whether Melton and/or its affiliates, agents, and/or other persons or entities acting on Melton's behalf should be enjoined from violating the TCPA in the future.

33. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Melton and are based on the same legal and remedial theories.

34. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor her counsel has interests contrary to or conflicting with those of the proposed Class.

35. <u>Predominance</u>. Melton has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

36. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Melton to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Melton is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are

all automated and because the TCPA articulates bright-line standards for liability and damages.

37. <u>Injunctive and Declaratory Relief is Appropriate</u>. Melton has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

### VII. FIRST CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii))

38. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. The foregoing acts and omissions of Melton and/or its affiliates or agents, and/or other persons or entities acting on Melton's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

40. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Melton and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an

artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Melton, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

42. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Melton, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## VIII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Melton as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D.   A declaration that actions complained of herein by Melton and/or its affiliates, agents, or related entities violate the TCPA;

E.   An order enjoining Melton and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances;

F.   Leave to amend this Complaint to conform to the evidence presented at trial; and

G.   Orders granting such other and further relief as the Court deems necessary, just and proper.

## IX.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 29th day of January, 2021.

Dated: January 29, 2021            By: */s/ Rachel E. Kaufman*
                                       Rachel E. Kaufman
                                       rachel@kaufmanpa.com
                                       KAUFMAN P.A.
                                       400 NW 26th Street
                                       Miami, FL 33127
                                       Telephone: (305) 469-5881

                                       *Counsel for Plaintiff and all others similarly situated*

COMPLAINT - 11